William R. Peery and Carrie E. Peery v. Commissioner.
Peery v. Commissioner
Docket Nos. 90010, 90624.
United States Tax Court
T.C. Memo 1962-202; 1962 Tax Ct. Memo LEXIS 107; 21 T.C.M. (CCH) 1097; T.C.M. (RIA) 62202; August 22, 1962
*107 Held, petitioners have not established they furnished more than one-half the total support of each of two daughters during the taxable years involved. J. B. Fisher, Esq., 809 Kanawha Valley Bldg., Charleston, W. Va., for the petitioners. John J. Larkin, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in the income tax of the petitioners for the years 1957, 1958, and 1959 in the amounts of $120, $126.27, and $241.98, respectively. The only issue presented is whether petitioners are entitled to dependency exemptions for two minor daughters of the petitioner William R. Peery - one exemption for Elizabeth for each of the years 1957, 1958, and 1959, and *108 one exemption for Kathleen for the year 1959. Findings of Fact Petitioners are husband and wife residing at South Charleston, West Virginia. They filed joint income tax returns for 1957, 1958, and 1959 with the district director of internal revenue for the district of West Virginia. William R. Peery (hereinafter referred to as petitioner) is the father of two daughters, Kathleen Louise and Elizabeth Carol, by a former marriage. They were 13 and 11 years of age, respectively, in 1957. Petitioner was divorced from his former wife, Mary Jo Peery, mother of the two children, on May 10, 1947, at which time custody of the two children was awarded to their mother, with visitation rights to the father. The divorce decree also directed the father (petitioner herein) to pay the mother, Mary Jo Peery, "the weekly sum of $10.00 * * * for the maintenance, support and education of Kathleen Louise Peery and Elizabeth Carol Peery." Both girls have lived with their maternal grandmother, Eva Marie Richie, in South Charleston, West Virginia, since infancy to and including the years involved. Their mother, Mary Jo Peery, also lived with them in a house owned and maintained by Eva. While still maintaining *109 the house, Eva also rented a one-room apartment which she and "Betty" occupied for a part of 1959 in order that they might be near the high school attended by Betty at that time. Eva was a school teacher. Her gross income for 1957, 1958, and 1959 was $3,954.15, $4,054.95, and $4,026.72, respectively. Mary Jo was employed during the summers of the years involved as a cashier at a local movie theatre and at a playground. The extent of her earnings has not been shown. She attended school a part of the time in order to prepare herself to become a teacher. During the year 1960 Eva expended $1,030.16 for the support of Elizabeth and $1,286.81 for the support of Kathleen. These amounts do not include the fair rental value of the house furnished by Eva, transportation expenses to and from school, or the cost furnished by her for meals eaten by the girls in restaurants. The amounts expended by Eva for the support of each of the girls in 1957, 1958, and 1959, respectively, was approximately the same as in 1960. Petitioner was employed during the years involved by the Union Carbide Company as a designer. His gross income has not been shown. As support for both of his daughters petitioner *110 issued checks to Mary Jo in the total amount of $925 for 1957, $930 for 1958, and $880 for 1959. In 1957, petitioner expended approximately $20 additional for food and $15.90 for group hospitalization for Elizabeth, making a total of $498.40 support payments made by petitioner for his daughter Elizabeth in the year 1957. In 1958, petitioner expended approximately $41 for food for both girls and gave the two girls approximately $50 in cash, making a total of $510.50 in support payments made by petitioner for his daughter Elizabeth in the year 1958. In 1959, petitioner furnished $880 as support payments for both daughters, or $440 for each. Petitioner furnished less than one-half the total support for each of his daughters in the respective years involved. Opinion Petitioner has the burden of establishing that he provided more than one-half the total support for his daughter Elizabeth during each of the years 1957, 1958, and 1959, and more than one-half the total support for his daughter Kathleen during the year 1959. Sections 151(e) and 152(a), Internal Revenue Code of 1954. Our finding of fact that he did not do so is dispositive of this issue. We have *111 found as facts that petitioner furnished support for his daughter Elizabeth in the amounts of $498.40, $510.50, and $440 for the years 1957, 1958, and 1959, respectively, and that he furnished support for his daughter Kathleen in the amount of $440 for the year 1959. In arriving at these figures we have given no consideration to premiums paid by petitioner for insurance on the lives of either girl. Aaron F. Vance, 36 T.C. 547. On brief, petitioner has apparently abandoned (and we think correctly so) his contentions that premiums paid by him on Veterans Selective Service Life Insurance (for which his former wife, Mary Jo, is beneficiary), automobile expenses incurred in exercising his right to visit with his daughters, and attorneys' fees paid his former wife's attorneys as well as fees paid his own attorneys in connection with a modification of the divorce decree, are includible in the payments made by him for the support of his daughters. Aaron F. Vance, supra. At the trial, petitioner called Eva, the grandmother, as his own witness. He was unable to obtain definite information from her as to the exact amounts expended by her for each of the girls due *112 to the fact that her records had been destroyed in high water or otherwise lost. The mother, Mary Jo, was present in the courtroom during the trial but was not called as a witness by either party. No evidence was offered as to how much, if anything, she expended for the support of either girl. On cross-examination Eva testified as to expenses incurred by her for the two girls in 1960 and stated the expenses in 1957, 1958, and 1959 approximated those in 1960. Assuming petitioner is bound by the testimony of his witness, the evidence establishes that he furnished less than one-half the support for each of his daughters during the pertinent period. If he is not bound by such testimony, there is no evidence presented as to the total support furnished each of the girls during the pertinent period and petitioner has failed to sustain his burden. Decisions will be entered for the respondent.